

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

December 21, 1948

Hon. Sam B. Hall
County Attorney
Harrison County
Marshall, Texas

Opinion No. V-750

Re: The maximum salary of a
constable in Harrison
County and related ques-
tions relative to the
recent Constitutional
amendment changing cer-
tain fee officers to sal-
ary officers.

Dear Sir:

You have requested an opinion regarding sev-
eral questions on the effect of H. J. R. 36 of the 50th
Legislature, amending Article XVI, Section 61 of our
State Constitution.

Your first question reads:

"1. What annual salary is to be paid
a constable of this county?"

Harrison County has a population of 50,900
according to the last preceding Federal Census, and
its precinct officers at the present time are compen-
sated on a "fee basis." Therefore, we assume that by
your first question you desire to know the maximum
salary of a constable in Harrison County beginning
January 1, 1949. We do not know at this time whether
the Commissioners' Court will determine to place the
other precinct officers on a salary or fee basis in
1949. It was held in Attorney General's Opinion No.
V-749 that where the Commissioners' Court determines
to compensate the precinct officers other than the
constable on a "fee basis," it must pay the constable
a reasonable salary, at such sum as the Commissioners'
Court determines in the exercise of sound discretion.
This opinion was based on the fact that at the present
time there is no statutory provision fixing the salary
of a constable in a county where the Commissioners'
Court has placed the other precinct officers on a "fee
basis." We herewith enclose a copy of said opinion.

Should the Commissioners' Court of Harrison County determine to place all of its precinct officers on a "salary basis," the salary of the constable would be governed by the provisions of Article 3912e, Section 17 (b) which provides where the Commissioners' Court has determined to place all the precinct officers on a "salary basis" said officers shall receive not less than the total sum earned as compensation by them in their official capacities for the year 1935, and not more than the maximum amount allowed such officers under laws existing August 24, 1935.  The maximum amount of compensation allowed under laws existing August 24, 1935, to precinct officers in counties containing a population of not less than 37,500 and not more than 60,000 inhabitants, was $2,200.00.  Articles 3883 and 3891 as amended by Acts, 1933, Chapter 220, Page 734.

Therefore in answer to your first question, it is our opinion that if the Commissioners' Court of Harrison County places all precinct officers on a "salary basis" beginning January 1, 1949, the maximum salary that may be paid a constable will be $2,200.00.  If, however, the Commissioners' Court places the precinct officers other than the constable on a "fee basis," the salary of the constable will be that sum determined by the Commissioners' Court in the exercise of sound discretion.

Your second question reads:

"2.  What annual salary is to be paid a deputy constable here?"

The salary of a deputy constable is governed by the provisions of Article 3912e, Section 17, V.C.S., which sets the salary at a sum not to exceed $1,500.00 per year.

Your third question is:

"3.  Are Justices of the Peace to be considered 'precinct law enforcement officers' within the meaning of Constitutional amendment in H. J. R. #36 of the 50th Legislature?"

In our recent opinion No. V-748 it was held that Justices of the Peace were not "precinct law enforcement officers" within the meaning of the Constitutional Amendment (H. J. R. 36 of the 50th Legislature).

Your fourth question reads:

"4. How are the expenses of a constable to be handled by the county, i.e., actual expenses paid by the county, or at so much per mile traveled each month, or either, or neither?"

Your fourth question is answered by Attorney General's Opinion No. V-71 in which the Attorney General ruled:

"The Commissioners' Court of a county, the constables of which are compensated on a salary basis, has no authority to pay such constables mileage for the use of their automobiles in the discharge of their official duties."

Your fifth question is:

"5. Must counties pay the premiums on bonds of the officers of constable, deputy constable, and justices of the peace?"

Article 3899 (b), V. C. S., reads in part as follows:

"Each officer named in this Act, where he receives a salary as compensation for his services, shall be entitled and permitted to purchase or charge to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on officials' bonds, premiums on fire, burglary, theft, robbery insurance protecting public funds, and including the cost of surety bonds for his deputies, . . .

". . . All such approved claims and accounts shall be paid from the Officers Salary Fund unless otherwise provided herein."

It is our opinion that the above provisions authorize the payment of premiums on official bonds of constables, deputy constables, and justices of the peace, the payment being made out of the Officers Salary Fund of the County.

Hon. Sam B. Hall, Page 4  (V-750)

Your sixth question reads:

"6.  Must the county furnish offices
for such officers?"

It was held in Attorney General's Opinion
No. 0-2385 that the rental of office space for Justices
of the Peace on a "fee basis" could not be paid out of
fees of office.  It was further held in Attorney Gen-
eral's Opinion No. 0-1976 that the county could not fur-
nish office space for the Justice of the Peace in a
county containing less than 75,000 inhabitants.  It is
therefore our opinion that office space for the Justice
of the Peace and constable in Harrison County may not
be furnished by the county.  The opinions are based on
Articles 2379 and 3899b.  Article 2379 provides that in
counties of over 75,000 population the county shall fur-
nish a suitable place in the courthouse for the Justice
of Peace.  Article 3899b names the officers who shall
be furnished offices, stationery, and supplies (County
Judge, Clerk, Tax Assessor and Collector, County Super-
intendent, Surveyor, and District Judge.)  The Justice
of Peace is not included.  The fact that the Justice of
Peace is not furnished a court room would appear to be
a proper subject for legislation.

Your seventh question reads as follows:

"7.  Must the county furnish the consta-
ble with radio equipment, telephone, and other
office supplies as is provided for in the case
of the Sheriff?"

Your seventh question is answered in part by
Attorney General's Opinion No. 0-6649 where it was held
that the Commissioners' Court was not authorized to fur-
nish radio equipment for a constable.  However, the con-
stable is authorized by Art. 3899(b), V.C.S., to charge
to the county all reasonable expenses necessary in the
proper and legal conduct of his office, which expenses
would normally include a telephone and certain office
supplies.

Your eighth question reads as follows:

"8.  May the Commissioners Court now
change the number and limits of Justice Pre-
cincts in this county to become effective on
January 1, 1949, even though, the offices of
some of those elected recently would thereby
be abolished?"

Article V, Section 18 of our State Constitution provides:

"Each organized county in the State now or hereafter existing, shall be divided from time to time, for the convenience of the people, into precincts, not less than four and not more than eight. The present county courts shall make the first division. Subsequent divisions shall be made by the commissioners' court provided for by this Constitution. In each such precinct there shall be elected at each biennial election, one justice of the peace and one constable, each of whom shall hold his office for two years and until his successor shall be elected and qualified; provided that in any precinct in which there may be a city of 8000 or more inhabitants, there shall be elected two justices of the peace. Each county shall in like manner be divided into four commissioners' precincts in each of which there shall be elected by the qualified voters thereof one county commissioner, who shall hold his office for two years and until his successor shall be elected and qualified. The county commissioners so chosen, with the county judge, as presiding officers, shall compose the county commissioners court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of this State, or as may be hereafter prescribed."

It was held in Attorney General's Opinion No. 0-3114 that the Commissioners' Court had the power to merge and redefine boundaries of justice precincts at any time, subject to the limitation that not less than four nor more than eight such precincts are created.

## SUMMARY

If the Commissioners' Court of Harrison County, with a population of 50,900 inhabitants, places all precinct officers on a "salary basis" beginning January 1, 1949, the maximum salary that may be paid a constable will be $2,200.00. If the Commissioners' Court places the precinct officers other than the constables on a "fee basis," the salaries of the constables will be whatever

sum the Commissioners' Court sets in the exercise of sound discretion.  Article XVI, Section 61, Constitution of Texas; Article 3912e, Section 17 (b), V. C. S.

Salaries of deputy constables in Harrison County cannot exceed the sum of $1,500.00 per year.  Article 3912e, Section 17.

Justices of the Peace are not "precinct law enforcement officers" within the meaning of H. J. R. 36 of the 50th Legislature, amending Article XVI, Section 61, of the Texas Constitution.  Opinion No. V-748.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By W. T. Williams
Assistant

John Reeves
Assistant

JR:bh:jrb

APPROVED:

Price Daniel
ATTORNEY GENERAL